THE COUNTY OF BERGEN, BY ITS BOARD OF CHOSEN FREEHOLDERS, PETITIONER, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND FRANK F. DZERK, RESPONDENTS.

Argued January 20, 1948—Decided February 13, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the petitioner, *Milton T. Lasher.*

For Frank F. Dzerk, *John J. Breen* and *Milton B. Conford.*

For Civil Service Commission, *Walter D. Van Riper* and *Louis S. Cohen.*

For American Legion, Department of New Jersey, *C. Conrad Schneider*.

The opinion of the court was delivered by

BODINE, J.  Subject to the approval of the court, counsel have stipulated that if a writ should be allowed the court shall consider the matter and make a final determination of the meritorious question involved.

On May 16th, 1947, Frank F. Dzerk, a disabled veteran, was certified by the Civil Service Commission as eligible for appointment to the Bergen County Traffic Police Department.

Dr. Raphael S. Gilady, an examining physician, submitted to the Board of Freeholders the following report: "Mr. Frank F. Dzerk is in perfect physical state. However, his reasons for disability on discharge from the army and his history of behavior in the army suggests that he be examined in a mental hygiene clinic where a psychiatrist's opinion should be obtained as to his stability mentally before becoming a patrolman."

The Civil Service Commission took the view that the Board of Freeholders was obliged to appoint Mr. Dzerk for the probationary period under *R. S.* 11:27–3, as amended *Pamph. L.* 1946, *ch.* 227, *p.* 837, § 3, which is as follows:

"Veterans with a record of disability incurred in line of duty, as herein defined in section 11:27–1 of this title, who shall receive a passing rating in competitive examinations or tests as herein provided for entrance into the public service, shall be placed at the top of the employment list in order of their respective final ratings."

That such duty is clear seems settled by the reasoning in *Civil Service Commission* v. *Rife*, 128 *N. J. L.* 503; *Morgan* v. *Civil Service Commission*, 131 *Id.* 410.

If during the probationary period, the veteran displays inability for the service or the legislature changes the law no harm is done, but in the meantime the law as made by the legislature must be obeyed.  It does not call for a psychiatrist's opinion.

The action of the Civil Service Commission is affirmed.